UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| RONALD RAY CORDER, | * | CIV. 08-4035 |
| Petitioner, | * |  |
| -vs- | * | OPINION AND ORDER |
| LARRY LONG, Attorney General of the State of South Dakota, | * |  |
| Respondent. | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Petitioner, Ronald Ray Corder, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

On May 2, 1989, the Petitioner was found guilty by a jury of first degree murder, and on May 8, 1989, he was sentenced to life in prison. Petitioner's conviction was affirmed on appeal by the South Dakota Supreme Court. See State v Corder, 460 N.W.2d 733 (S.D. 1990). Petitioner has filed at least three, and possibly as many as eight, state habeas petitions. See Doc. 1, Attachment 6. Petitioner has also filed at least one previous federal petition. See CIV. 96-4309, filed in the District of South Dakota.

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal habeas petitions. 28 U.S.C. § 2244(d)(1); Beery v. Ault, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. Id. By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. Id., Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." Id.; § 2244(d)(2). See generally, Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). See also Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853 (rejecting the

suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's]...state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

The Court may raise the statute of limitations issue *sua sponte*. Day v. McDonough, 126 S.Ct. 1675, 1684, 164 L.Ed.2d 376 (2006). The Court must, before acting on its own initiative to dismiss the federal petition based on the AEDPA statute of limitations, "accord the parties fair notice and opportunity to present their positions." Id. Further, the Court must "assure itself that the Petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or dismissing the petition as time barred." Id. Accordingly, the Court will order the parties to show cause why his federal petition should not be dismissed as untimely.

## CONCLUSION AND ORDER

Accordingly, it is hereby

ORDERED that:

(1) Petitioner's motion to proceed in forma pauperis (Doc. 3) is GRANTED.

(2) The Clerk of Court is directed to serve upon the Attorney General of the State of South Dakota, by certified mail, a copy of the petition and this Order;

(3) On or before May 1, 2008, the parties shall file briefs, documentation, and/or other appropriate authority showing cause why Petitioner's federal habeas petition, filed March 11, 2008, should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1).

Dated this 26th day of March, 2008.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
 (SEAL)      DEPUTY

2